Good morning, Your Honors. My name is Randy McDonald, appearing on behalf of Plaintiff Appellant Namit Bhatnagar. I'd like to reserve two minutes for rebuttal, if I may. This is a case about the District Court's improper exercise of subject matter jurisdiction over plaintiff's claims against his former employer. The District Court erred in holding that it has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act. Section 301 does grant the federal court subject matter jurisdiction over cases arising out of collective bargaining agreements, but in this case, Section 301 doesn't apply, pursuant to an exception carved out by this court in Young v. Anthony's Fish Grottoes and Price v. Georgia-Pacific. Price v. Georgia-Pacific being a Northern District of California case, excuse me. Section 301 does not apply because plaintiff was a non-union employee who lacked access to the union grievance procedure. But even if the District Court had properly exercised subject matter jurisdiction, it erred in dismissing plaintiff's complaint and denying his motion to reconsider. As a pro se plaintiff, Mr. Batnagar should have been given notice and an opportunity to amend his complaint before it was dismissed for failure to state a claim. Can I just ask, isn't part of your claim going to invoke provisions of the collective bargaining agreement? Yes, Your Honor. We have to look to the collective bargaining agreement in order to determine. So doesn't the resolution of this case substantially depend upon interpretation of the agreement? I would say that certain parts of the breach of contract claim certainly depend on portions of the collective bargaining agreement. But because the plaintiff here effectively did not have access to the union bargaining, the union grievance procedure that was built into the collective bargaining agreement, the union and the employer could effectively prevent plaintiff from invoking any of the rights under the collective bargaining agreement. And so in removing state court jurisdiction and placing this squarely in the subject matter jurisdiction of the federal court, the employer and the union could effectively prevent plaintiff from accessing any state right claims. Couldn't he have availed himself of the grievance procedure if he wanted to? So the record here is unfortunately not great on this issue. The collective bargaining agreement that was in effect at the time that plaintiff was fired specifically reserves to the union any right to invoke the grievance procedure for termination proceedings. The collective bargaining agreements that was in effect prior to the current collective bargaining agreement gave that right to the employee. It says the employee may invoke the procedure, but the one in effect at the time of the firing doesn't appear to give the employee that right. It appears to give it only to the union. But this isn't a situation where he requested ability to grieve under the collective bargaining agreement and was refused, is it? That's not clear from the record. I'm not aware of anywhere in the record that it says that he requested it. Our claim is based on the collective bargaining agreement's requesting of that right solely in the union. So which collective bargaining agreement do you contend was in play here, the 2007 or 2011 one? So he was hired under a 1997 collective bargaining agreement, I believe. And the subsequent collective bargaining agreement went into effect in 2001. We think, I would argue first that the collective bargaining agreement that he was hired under was the only collective bargaining agreement that he ever agreed to and so that it should apply. But this Court has held that Section 301 does not preempt claims brought under expired collective bargaining agreements. So if that collective bargaining agreement is the one that applies, I think Section 301 pretty clearly does not preempt this claim. In any event, it sounds to me like you have conceded that regardless of which agreement it was, that your breach of contract claim, your client's breach of contract claim is dependent upon that collective bargaining agreement. It's dependent only to the extent that it is the contract that was breached. Right. So yes. But again, without access to the union grievance procedure, the plaintiff here didn't have any rights to assert claims under the collective bargaining agreement but for an ability to bring a breach of contract claim in state court. Well this is why I'm confused. You're saying absent access, those are my words, to the point that I'm referring to. Because you drew a distinction between a couple of them, one where the employee could trigger a grievance, one where the union triggered a grievance. Which ones are you referring to? I mean, I'll tell you, I think to me it looks like we're dealing with the 2007 collective bargaining agreement. And that's the one under which the union has the power to invoke the grievance procedure. So I mean, I guess there's two arguments. If we're looking at the 2007 agreement, then the union was the only one that had the opportunity to invoke it. And if we're looking at the earlier one, then Section 301 doesn't apply because it's an expired collective bargaining agreement. Counsel, I have a question for you. There's language in your brief on page 2 and page 15 along the following lines. And I'm quoting now from page 2, at the top of page 2. The grievance process was thus not open to Botnagar either because the union only filed grievances on behalf of its own members. I understand that. But then there's this next part of the sentence. Or because he reasonably believed that the grievance process was not open to non-union members. This reasonably believed standard. I didn't see any case citations for that standard. And my law clerk, who's very good, couldn't find any either. So I'm just kind of curious, is that something you're urging the court to adopt? Is that from a case? So I think the difficulty here is the paucity of a record here below. Because plaintiff was pro se, he raised some arguments, but I don't think fully developed them below. And so because, going back to the question about whether he actually sought to invoke the union grievance procedure, because we don't know sort of what happened, I think the reasonably believed standard, I'm not, it's not that I'm asking the court to necessarily adopt that. It's just that because of the lack of record, we don't know what happened. Fair enough. But there's no, I want to make sure I'm not missing a case that says if an employee of a union reasonably believed there was no grievance procedure, when in fact there was, somehow he could get out of the requirements of the collective bargaining agreement. Right. I'm not aware of that, of any case that says that. I think I was just trying to be as broad in my statement. No, nothing wrong with advocacy. I just want to make sure if this is new advocacy or if there was a case that you were relying on that I just wasn't familiar with. But that's fine. If the court wants to make that this case, I'm welcoming. Would you like to reserve the rest of your time? Yes, please. Sure. Good morning, and may it please the court, Paul Trimmer for the respondent, Medco Health Solutions. All of the issues before the court have been briefed in detail. I want to focus on the arguments made by the petitioner just now in his oral presentation. First, the so-called price exception. Well, I guess first, it would seem clear that the subject matter jurisdiction issue has been disposed of, given that the petitioner has conceded that at least the claim depends substantially on an interpretation of the collective bargaining agreement. Removal was therefore proper, and to the extent there were any other claims that weren't substantially dependent upon the collective bargaining agreement, supplemental jurisdiction would still be appropriate under 1367C. With respect to the so-called price exception, first, we don't believe that that exception is set forth in Young v. Anthony Fish Grottoes. Price is a one-off case from a district court. It's not binding here. Second, we don't believe that the facts are analogous to this case at all. In price, the employee or the plaintiff wasn't actually in a classification covered by the labor agreement. Mr. Batnagar was. And third of all, this price exception that whether or not an employee's state law claims are preempted, if those claims depend on the labor agreement, depends on whether he's a dues-paying member of the union, would turn federal labor policy on its head. The way labor policy works, as you all know, is that once a union becomes the representative of a group of employees under Section 9A of the National Labor Relations Act, that's forevermore until the union is either decertified or the employer lawfully withdraws recognition from the union. So anyone that comes after that certification occurs, after that recognition occurs, is a member of the bargaining unit. Mr. Batnagar clearly was. The facts establishing that are set forth in the defendant's answering brief as well as in the supplement or the Mr. Batnagar received wage increases in accordance with the labor agreement. Mr. Batnagar frequently invoked his right to union representation and acknowledged that fact on disciplinary forms that were submitted to the employer. So there's no doubt that he was represented by the union. But if Section 301 preemption didn't apply, if the exclusive remedy of grievance and arbitration didn't foreclose his claims, and if that depended upon whether or not the employee decided to pay dues or not, it would create a tremendous amount of instability in the law. It would mean that different members of the bargaining unit may or may not be covered by the labor agreement or may or may not be required to arbitrate their claims, depending on one year to the next, because an employee can elect to pay dues one year, and then at the end of that year, he may withdraw and not pay dues anymore, and vice versa. He could opt in and opt out, opt in and opt out. And that's not the way the labor policy works. It's a fundamentally wrong conception of federal labor law. Which collective bargaining agreement are we dealing with? We're dealing with the 2007 to 2010 agreement. And I would note, I don't have the record site, and I apologize for that, but it is on page, electronic page 24, exhibit A, to the defendant's supplemental brief to the district court. We had submitted the entire labor agreement. What about Mr. McDonald's argument that the, his argument is exactly what I was going to address. Article 10.2A, which is the step one procedure, provides that a union or the grievant can initiate step one proceedings. The decision to submit a case to arbitration is the union's decision, but that's always the case. It's always the case that the union decides whether or not a grievance goes forward to arbitration. That's Hornbook federal labor law. And that's why a union is subject to the duty of fair representation, because the way that works is if, for example, Mr. Batnagar had filed a grievance and the union processed it and then decided, elected not to take it to arbitration, Mr. Batnagar would then have a claim, a hybrid claim under Section 301, challenging the union's decision not to submit the case to arbitration, and then also suing the employer for a breach of the labor agreement. And his claim would ripen upon the union's decision not to take the case to arbitration. But that's water under the bridge. That's been federal labor law for 40 years, that the union owns the grievance and the union decides whether or not to utilize member resources and dues to take a case to arbitration. Just out of curiosity, do you think Mr. Batnagar's other claims for relief are similarly preempted? Yes. The first claim is a wrongful termination claim, which is based on the just cause provisions of the labor agreement. The second claim is a straight up breach of contract claim. The third argument is a good faith and fair dealing claim. It sounds in contract. It's based on the labor agreement. The last claim is a fraud claim, but it's a fraud claim in name only because the allegation is that the employer relied on fraudulent evidence when making the decision to terminate Mr. Batnagar. Without good cause. Exactly. And whether the evidence is fraudulent or not is not a fraud claim because it doesn't involve a misrepresentation or an allegation that Mr. Batnagar relied on a misrepresentation. The issue is whether the evidence was good, and that's a just cause issue under the contract. With that, and we think the other arguments are set forth pretty clearly in our brief. If you don't have any further questions, I can conclude. Judge O'Scanlan? No questions. Thank you very much, counsel. Thank you. I'd just like to address very quickly the sort of second part of my brief, which is that even if subject matter jurisdiction is proper, this case should still be returned to the district court so that Mr. Batnagar can amend his complaint to state a claim for which relief can be granted. And if he wishes to argue that he was barred from the grievance procedure, that he can make that argument there and that the district court can decide it. And even if Section 301 is applicable, that could be a defense to the failure to exhaust remedies. Because as I read the order granting Medco's motion to dismiss, it's arguably only because of plaintiff's failure to respond. But if it was an order on the merits, then it was because of plaintiff's failure to exhaust his remedies under the CBA. So as a pro se plaintiff, he should be given notice and the opportunity to amend his complaint to state a claim. And I think that's certainly something that he would want to raise, the defense that he was barred. But counsel, wasn't he aware of the motion to dismiss? He, I believe he was aware of the motion to dismiss, but he was under the impression that the motion to, what was effectively his motion to remand would be decided first. And in his motion to reconsider, he attached an affidavit in which he says that he never received the court's clingily notice, sort of setting out what his responsibilities were. And so as a pro se plaintiff, again, he should be given the benefit of the doubt and given the opportunity to at least have the district court hear those claims. And I believe I'm out of time. Thank you very much, counsel. Thank you both for your argument. And thank you, Mr. McDonald. I believe you took this case pro bono? Yes. Thank you for your service in doing that. We appreciate your argument, and this case is now submitted. We'll move on to the next case.
judges: O'scannlain, Owens, Christensen